No. 96-565

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

IN RE THE MARRIAGE OF

TERI ANN CIRIMELE,

      Petitioner and Appellant,

  and

DAVID GROTSKY,

      Respondent and Respondent.

FILED

MAY 27 1997

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
                In and for the County of Lewis & Clark,
                The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

           Matthew J. Sisler, Attorney at Law, Missoula, Montana

      For Respondent:

           Lawrence A. Murphy, Attorney at Law, Helena, Montana

Submitted on Briefs: May 1, 1997

Decided:  May 27, 1997

Filed:

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Teri Ann Cirimele (Teri) and David Grotsky (David) began living together in 1991 and married in 1992; they had no children together, but Teri's children from a previous marriage lived with them. Teri and David's marital life was stormy and, while they lived together, they contributed equally toward the house payments and maintenance on the family home they bought in 1991. Teri and the children moved out in December of 1992, moved back in January of 1994 and moved out permanently in April of 1994. David made all the house payments while Teri was not living at the family home.

Teri filed for dissolution of the marriage in February of 1995 and, at the time of the hearing before the First Judicial District Court, Lewis and Clark County, the only remaining dispute concerned the distribution of the family home. Teri requested 2/3s of the parties' $26,900 equity in the home. The court determined that Teri was entitled to one-half of the equity in the home during the periods of time she lived in the home and contributed to its maintenance and that she lived in the home 37% of the time. Pursuant to a mathematical

2

Finally, Teri urges that the District Court failed to make findings regarding expenses she incurred while living apart from David and David's failure to assist her with those expenses. She seems to suggest that David should pay a portion of these "debts." As noted above, the sole issue before the District Court at the time of the hearing was the equitable distribution of the family home. Teri's contention in this regard is not related to that issue and, indeed, is directly at odds with Teri's proposed finding of fact in the District Court that the parties had equitably divided their debt.

In short, the District Court's findings, conclusions and equitable distribution of the family home are without error. Teri has not only failed to support the positions taken in this appeal but has advanced positions totally inconsistent with those taken by her in the District Court.

Finally, David seeks sanctions under Rule 32, M.R.App.P., for being forced to defend a frivolous appeal. Rule 32, M.R.App.P., provides that, if we are satisfied from the record and the presentation of the appeal that the same was taken without substantial or reasonable grounds, we may assess such "damages" as are deemed proper.

We have been reluctant to award sanctions under the Rule unless the appeal before us is totally without merit. Here, however, we conclude that the appeal is totally without merit and totally frivolous and, moreover, that during the course thereof Teri's counsel filed motions and took other actions totally unauthorized by the Montana Rules of Appellate Procedure. Without regard to the impact of such practice on this Court's ability to properly

4

address an increasing caseload, it is clear that an opposing party should not be required to shoulder the costs of defending such matters. We conclude, therefore, that David is entitled to damages under Rule 32, M.R.App.P., in the form of reasonable attorney fees incurred in defending this appeal and that those fees shall be assessed against Teri's counsel, personally. We remand this case to the District Court for a determination of the amount of reasonable attorney fees incurred by David in this appeal and entry of an order and judgment in that amount against Teri's counsel.

    Affirmed and remanded for further proceedings consistent with this opinion.

_____
                Justice

We concur:

_____

_____

_____

_____
                Justices

5

May 27, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

MATTHEW J. SISLER
ATTORNEY AT LAW
P O BOX 1644
MISSOULA MT 59806-1644

LAWRENCE A. MURPHY
ATTORNEY AT LAW
1085 HELENA AVENUE
HELENA MT 59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _D. Gallagher_
Deputy